UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>     **Plaintiff,**<br>  vs.<br>**DAVIS JOWERS,**<br>     **Defendant** | ) Case No.: 3:03Cr141(JCH)<br>)<br>)<br>)<br>)<br>)<br>) May 5, 2006<br>)<br>)<br>)<br>) |

## MOTION IN SUPPORT OF RESENTENCING NUNC PRO TUNC

The undersigned counsel submits this motion in support of the re-sentencing of the Defendant pursuant to the dictates of United States v. Booker/ Fanfan.

The decision in United States v. Fanfan,. 543 U.S.___ (2005) at 2, make the Sentencing guidelines non-mandatory and "effectively advisory." Id. In fact the court in Fanfan directs that the lower courts "to consider guideline ranges … but it permits the court to tailor the sentence in light of other statutory concerns as well." Id. The other statutory concerns are delineated in 18 U.S.C. 3553(a) (1) as the nature and circumstance of the offense and the history and circumstance of the defendant. Id. Further by excising the mandatory application of the guideline as stated in 18 U.S.C. 3553(b)(1), the remaining statutory provision regarding the imposition of a sentence is § 3553 (a)(1), which provides very broad criteria for courts to consider in imposing sentence. Accordingly, the sentence guidelines must be considered, however, so must the provisions of § 3553(a). U.S. v. Fanfan at 2. The Second Circuit has directed District Courts to determine if the pre-Booker sentence imposed upon a defendant would have been materially different if the sentencing guidelines were non-mandatory. United States v. Crosby, 397 F.3d 103, 117 (2d. Cir. 2005). If the District Court finds that the defendant's sentence would have

been materially different the District Court should re-sentence the defendant to relect the proper sentence for the defendant. Id.

It is Mr. Jowers's position that but for the mandatory nature of the sentencing guidelines at the time of his sentencing, he would have received a non-trival lower sentence.  Firstly, had the guidelines been non-mandatroy the undersigned counsel would have argued more strenuously regarding the defendant's horrendous childhood growing up in the drug and crime infested housing projects of New Haven; his mother his severe drug addiction and the rape and sexual abuse Mr. Jowers suffered from his father when he was just eight years old.

Had the guidelines been non-mandatory at the time of Mr. Jowers' sentencing the Court may have been more receptive to impose a materially lower sentence on Mr. Jowers based upon the horrendous childhood abuse he suffered.

CONCLUSION

The Court must allow a new sentencing hearing for Mr. Jowers.  In considering whether the Court would have acted differently in sentencing Mr. Jowers, the question is how does the Court know how it would sentence Mr. Jowers if the guidelines were non-mandatory.  One thing that is impossible to gauge at this point is how the undersigned counsel would have presented arguments to the Court regarding the sexual abuse he suffered if the sentencing took place yesterday.  Would there have been additionally arguments in favor of a lower sentence, would certain arguments been argued with less emphasis or would they have been argued more strenuously?  These are all unknowns; but one thing is certain, the arguments presented to the Court would have much different.  Under Chapter five of the guidelines many reasonable arguments were excluded from the Court's consideration because the facts supporting the possible arguments were not of an extraordinary nature.

The next question that must be asked, and is impossible to know; is how the Court would have reacted to these arguments had they been made to the Court? How the Court would have weighed the arguments by counsel if the arguments were presented and argued in a different manner. What we can be sure of is that because of the mandatory nature of the guidelines at the time of Mr. Jowers's sentencing the Court sentenced Mr. Jowers on less than completely developed factual and legal arguments. The argument would have been what is a reasonable sentence for Mr. Jowers's after the Court's weighing the factual history of his childhood, his education, his family background, his criminal history and the facts of his criminal activity in this case. All of these arguments would have been presented to the Court in a different manner if he were sentenced under the new sentencing scheme. So the question is, how could the Court know it would have imposed a non-trivially different sentence upon Mr. Jowers when the Court is basing this decision on an incomplete record?

        Respectfully submitted,
        DAVID JOWERS


By: _____
        Francis L. O'Reilly, Esq.
        O'Reilly & Shaw, LLC
        87 Ruane Street
        Fairfield, CT 06430
        TEL: (203) 319-0707
        FAX: (203) 319-0128
        Fed. Bar. No. CT17505

**CERTIFICATION**

I hereby certify that a copy of the foregoing motion was mailed on this 5th day of May 2006, to:

John Marrella, Esq.
Assistant U.S. Attorney
United States Attorney's Office
157 Church Street
New Haven, CT 06510

 

_____
Francis L. O'Reilly