UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. |
| v. | : | 3-03-cr-141 (JCH) |
| | : | |
| DAVID JOWERS | : | MAY 24, 2006 |

## RULING RE: RESENTENCING [DKT. NO. 71]

By Remand Order [Dkt. No. 66], the Second Circuit remanded this case to this court for further proceedings in conformity with U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005).  The Crosby decision requires this court to consider whether it would have imposed "a materially different sentence, under the circumstances existing at the time of the original sentence, if [it] had discharged [its] obligations under the Post-Booker/Fanfan regime, and counsel had availed themselves of their new opportunities to present relevant considerations, . . ." .  Id. at 117.  Thus, if this court would have imposed essentially the same sentence, even while treating the Sentencing Guidelines as advisory under U.S. v. Booker, 125 S.Ct. 738 (2005), and after considering all the factors listed in 18 U.S.C. § 3553(a), then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless.  However, if this court determines that, treating the Guidelines as advisory and considering all of the factors under § 3553(a), it would have imposed a non-trivially different sentence then that originally imposed, then the court must schedule a full re-sentencing under Rule 32 of the Federal Rules of Criminal Procedure.

In response to the Remand Order, the court ordered on January 30, 2006 [Dkt. No. 67], that the parties file written submissions on the question of whether this court

would have imposed a non-trivially different sentence if the Sentencing Guidelines had been advisory, and it had been allowed to consider all of the factors in § 3553(a).  In response to that Order, the government filed a memorandum on February 14, 2006 (Doc. No. 68), and on May 8, 2006 the defendant filed his memorandum.  (Doc. No. 71).

The court is familiar with the Booker and Crosby decisions.  Further, the court has reviewed the Pre-Sentence Report, the sentencing transcript, and the two memorandums submitted post-remand.  In addition, the court has a present recollection of the sentencing proceeding.  Finally, the court is familiar with all the factors set forth at 18 U.S.C. § 3553(a).

David Jowers was originally sentenced principally to 115 months of imprisonment upon his conviction for possession of a firearm by a convicted felon on July 9, 2004.  At that time, the defendant sought departures from the Guidelines based upon overstatement of criminal history, and extraordinary physical and mental hardship under U.S. G. §5K2.0.  The court denied both of those requests for departure.  At the time of sentencing, which occurred after the Blakely decision and before the Crosby decision, the court indicated that, if the Guidelines were not mandatory, it would still have imposed the same sentence principally of 115 months of imprisonment.

The court concludes that a re-sentencing is not called for.  In other words, had it known at the time of sentencing that the Guidelines were advisory and that it should consider them along with all the other factors in section 3553(a) before imposing sentence, it would have sentenced Mr. Jowers to the same sentence it did, principally 115 months imprisonment.  The court does so for primarily the reasons that were

articulated at the original sentencing.  <u>See</u> Sentencing Transcript (7/9/04) (Doc. No. 63).

The court would determine the Sentencing Guidelines the same as they were originally determined in the initial sentencing, for a Guideline range of 120 months imprisonment.  While considering all of the §3553(a) factors, the court is particularly informed in this case by the need to protect the public and for deterrence.  David Jowers, by the age of 21, had six convictions resulting in a total of 14 criminal history points.  In addition, he committed the offense on which he was sentenced by this court while on state supervision, and less than two years after having been released from prison.  On each occasion having served a term of imprisonment for one of his prior convictions, Mr. Jowers returned to the streets only to offend again.  The facts found by the court and reported in the Pre-Sentence Report reflect that the defendant was in possession of a firearm on October 30, 2002 in the presence of a confidential informant ("CI") and sold it to the CI.  Subsequently, the defendant sought to obtain a gun from the CI.  Finally, the defendant was on pretrial release in the instant case and was found in possession of a loaded shotgun when taken into custody by the Deputy U.S. Marshal, which firearm he admitted was his.

The court in the original sentencing, and today, concludes that the defendant is a danger to the community and apparently has been undeterred by prior periods of incarceration.  While the court understands the horrific childhood which Mr. Jowers endured, and recognizes consideration of the defendant's history as a factor to be considered under Section 3553(a), the court concludes that it adheres to its original sentence because of its concern for the need to deter the defendant and to protect the public from further crimes committed by the defendant.

After consideration of all of the section 3553(a) factors, including treating the Guidelines as a factor that is not mandatory, as well as the prior record, including the Pre-Sentence Report, and the recently filed Memoranda, it is this court's conclusion that there is no reason to order a re-sentencing in this case because, if one were ordered, the sentence would be the same of that previously imposed.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 24th day of May, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge